MARTIN, Appellant, v. HALL, Respondent.

1. In order that a custom or usage of trade may enter into and affect the construction of an agreement, it must be shown to be so general and well established that the parties must be presumed to have had knowledge of it and to have contracted with reference to it.

2. Where the trial of an issue of fact, in a case arising under the practice act of 1849, does not require the examination of a long account, it is improper to refer it against the objection of one of the parties.

*Appeal from St. Louis Court of Common Pleas.*

This was an action to recover a balance of $677.50 alleged to be due plaintiff for work and materials furnished at defendant's request. The cause was tried before a jury, who found for plaintiff and assessed his damages at $751. The court

set this verdict aside and referred the cause against the objection of plaintiff. The referee heard the cause and found against the plaintiff.

*Shreve* and *Cline & Jamison,* for appellant.

*Dick* and *Carroll,* for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

The principal questions in this case are questions of fact that arise on the plaintiff's motion to review the finding of the referee. It is insisted, first, that the defendant should be charged with the number of bricks delivered to him by the plaintiff as ascertained by a measurement of the walls of the building, and not according to an actual count of the quantity as taken from the kiln; secondly, that the defendant should be charged for scaffolding; and, thirdly, that the defendant was improperly credited with the order for two hundred dollars drawn by the plaintiff on Salisbury's agent, in favor of Smith, and paid the defendant.

The referee found that the plaintiff furnished two hundred and ten thousand one hundred and eighty-nine bricks to the Lowell Hemp Works, one hundred thousand of which were furnished to Salisbury, and the remainder to the defendant. The proof is amply sufficient to show that the actual quantity by count is properly stated in the finding, but the plaintiff claims that he is entitled to have that number increased ten per centum on the whole number delivered by another and different method of calculation. A witness testified that he measured the walls of the building and that they contained, by his measurement, two hundred and thirty-three thousand five hundred and forty-three bricks; that his method of measurement was by allowing so many bricks to the superficial foot, according to the thickness of the wall— namely, " fourteen bricks to the foot in a nine inch wall, and twenty-one bricks to the foot in a thirteen inch wall;" that the difference between kiln count and measurement in the wall is about ten per centum in favor of wall measurement,

HARVARD LAW SCHOOL LIBRARY.

and, "in the absence of express contract, the method is by actual measurement in the wall." The last remark of the witness certainly falls far short of the proof necessary to establish a custom which would entitle the plaintiff to recover for more bricks than he really furnished. A party claiming the benefit of a custom in a particular trade must prove it, and must show that it is so general and well established that all persons dealing in the business to which it applies are presumed to have knowledge of it, and to contract in reference to it.

The building was commenced before the defendant had any interest in it, and it is manifest from the proof that the scaffolding was furnished during Salisbury's time. The architect stated that it was understood the plaintiff should furnish the plank for the scaffolding; but without this testimony we think that if a person undertakes to build a house for another for a given sum, or at a certain rate per thousand, in the absence of a special agreement, the reasonable inference would be that the contractor should provide the scaffolding as well as the necessary tools to do the work.

It appears that Smith was a sub-contractor under the plaintiff and furnished all the brick for the hemp-works. The plaintiff was the primary debtor to Smith; and the lien which Smith could assert was only an incident to his debt. The order for two hundred dollars was drawn by the plaintiff, in Smith's favor, on account of brick which he had supplied, and when paid by the defendant diminished the plaintiff's debt that amount to Smith. The whole of Smith's demand against the plaintiff was eight hundred and eighty-five dollars, which was reduced by payments, including this order, to three hundred and fifteen dollars; for this balance he filed his lien, and in regular proceedings, to which the plaintiff Salisbury and the defendant were parties, he obtained a judgment, which was satisfied by the defendant. In the suit upon the lien the account was credited by the amount of the order, and the plaintiff, having assented to the credit and received the benefit of it, ought not to be permitted now to say

that the order was protected and paid by the defendant without his knowledge or consent. His indebtedness to Smith to the amount of two hundred dollars was extinguished by the defendant, and to refuse this credit to the defendant would be unjust, and a clear gain of two hundred dollars without any right to the plaintiff.

The plaintiff objected to the reference of the case on the ground that the trial of the issues did not require the examination of a long account on either side. Actions for torts are not referable, and the statute generally only applies to cases where accounts in the ordinary meaning of that term exist between parties and require an examination; but it is difficult to prescribe a rule which will cover the cases contemplated by the act, or to say what is a long account. How many items must it contain to be long? No doubt cases are often referred which should not be, and the provision of the statute is abused. Though this case required calculations and the computation of mutual debits and credits, we think there was no necessity for referring it, for it might, without unnecessary delay to the court, have been tried by a jury; but the finding and judgment are for the right party, and under the circumstances the judgment should not be reversed on account of the order of reference.

Judge Scott concurring, the judgment will be affirmed; Judge Napton absent.