————o————

PATRICK WALSH, Respondent, *vs.* MISSISSIPPI VALLEY TRANSPORTATION COMPANY, Appellant.

1.  *Custom—To be binding must be actually known, or universal and notorious.*
    —A person is not bound by a custom unless he has personal knowledge thereof, or it is so notorious, universal and well established that his knowledge thereof would be conclusively presumed.

2.  *Damages for personal injuries—Negligence—Contributory negligence.*—In an action for damages for personal injuries the rule is, that although the plaintiff may have failed to exercise ordinary care and diligence and such failure contributed in a remote degree to the injury, yet if defendant was guilty of negligence which was the immediate cause of the injury, and with the exercise of ordinary prudence and care by defendant the injury could have been prevented, defendant is liable. But if plaintiff could have avoided the injury by the exercise of ordinary care and prudence, defendant is not liable. And this principle is not confined to any particular class or classes of persons.

*Appeal from St. Louis Circuit Court.*

*Hitchcock, Lubke & Player,* for Appellant.

I. This was a clear case of positive and direct negligence on

the part of the plaintiff. He has no right to assume that the hatch was closed, he not being upon a highway, and he was bound to use extraordinary care while he was walking in the dark. (Boland vs. Missouri Railroad Company, 36 Mo., 484; Callahan vs. Warne, 40 Mo., 131.)

Negligence is still a question *of law*. (Devitt vs. Pacific Railroad, 50 Mo., 302.)

The court was bound to say that the facts shown by plaintiff constituted negligence, and that therefore he could not recover.

II. The court below clearly and positively erred in giving plaintiff's instruction as to the custom or usage established by defendant.

*a.* This instruction was erroneous in that it required the jury to find that plaintiff had personal knowledge of this usage, that is, it required the jury to find that plaintiff had been shown to have *actual* knowledge of it, and prevented the jury from finding constructive notice.

*b.* Defendant did not plead or attempt to prove a general custom such as is supposed to enter into and form part of a contract. Defendant did establish a proper and usual mode of dealing which the jury were at liberty to consider as an element in the question of negligence. Hence this part of the instruction was misleading and comes within the opinion of this court in Buel vs. St. Louis Transfer Company, 45 Mo., 562.

III. The court below erred in giving plaintiffs' instructions concerning negligence.

*a.* The facts of the case did not warrant the statement of fact made in this instruction that plaintiff's negligence *remotely* contributed to the injury; there was no evidence warranting this comment by the court. At best this part of this instruction was but a hypothetical statement of a proposition of law for which there was no evidence in the case. This should not be done, and if done is error. (Kennedy vs. North Missouri Railroad Company, 36 Mo., 365.)

*b.* The use of the word " remotely " was wholly improper, and although its use was recommended in the case of Morrissey

vs. Wiggins Ferry Company in 43 Mo., the use of similar language (the phrase "undue carelessness") was held to be error in a late case—that of Buel vs. St. Louis Transfer Company, 45 Mo., 562.

IV. The case of Morrissey vs. Wiggins Ferry Company, 43 Mo., 380, is the case of a common carrier of passengers, and the person injured was a passenger, and the court held (see p. 383) that "the degree of responsibility to which carriers of passengers are subjected, is not ordinary care merely, which will make them liable only for ordinary neglect, but extraordinary care which renders them liable for slight neglect," and therefore authorized an instruction which threw the consequence of slight neglect upon the carriers. The case at bar was not the case of a carrier of passengers, and the plaintiff was not a passenger. The rules as to negligence applicable to cases of passenger carriers have no application here. In the case at bar the plaintiff was an employee, and his personal safety was not in the hands of the defendant so that the defendant could be held liable for slight neglect. The burden was upon him to show that through no fault of his, but through and by the carelessness of defendant's servants, he was injured. The court should have stated that defendant was liable only for ordinary neglect, and that defendant was not liable at all, if plaintiff by the exercise of reasonable care and caution would have avoided the accident. (Shearm & Red. on Negl., 27, § 24.)

*J. T. Tatum and W. H. Horner,* for Respondent.

I. The law of this State is firmly established that in actions for damages arising from negligence, it should be left to the jury to say whether, notwithstanding the imprudence or neglect of the injured person, the defendant could not, in the exercise of reasonable care and diligence, have prevented the injury. There is no difference in law between *negligence and gross negligence.* (McPheeters vs. Hannibal & St. Joseph R. R., 45 Mo. 22; O'Flaherty vs. Union Railway Company, 45 Mo. 70)

II. If the plaintiff's neglect was slight or remote, and if the conduct of defendant's agents was the immediate and direct

cause of the injury, and if with the exercise of prudence and the use of proper appliances on their part, the result might have been prevented, the defendant is not excused.

Carelessness of the plaintiff was not the proximate cause of the injury. (Fitch vs. Pacific Railroad Company, 45 Mo. 322.)

Contributory negligence will not excuse. (*Id.* See also Buel vs. St. Louis Transfer Co., 45 Mo., 562, and cases there cited ; Morrissey vs. Wiggins Ferry Company, 43 Mo., 380, 384 ; Brown v. Hannibal & St. Joe Railroad Company, 50 Mo., 461.)

III. The instruction as to custom, refused, is erroneous as it leaves out of view what the defendant should have done, knowing the men were to work before daylight next day.

The law as to custom was properly laid down in the first instruction for the plaintiff.

WAGNER, Judge, delivered the opinion of the court.

The defendant, on one of its barges, brought to the port of St. Louis a cargo of salt consigned to Bogy & Co. The salt was in bulk, and the consignees employed the plaintiff and others to sack and unload the same. Defendant commenced loading hay on the barge before all the salt was removed, and being anxious to have the barge unloaded as speedily as possible, in order that it might be used for the purpose of taking on the remainder of the hay, requested the workmen to work late at night and resume their labors early in the morning. In the afternoon at about five o'clock preceding the accident to the plaintiff, the defendant's superintendent ordered the hatchway on the fore part of the barge to be uncovered for the purpose of ventilation. The hatchway was left open the whole night. Plaintiff returned that evening and worked till about nine o'clock. In the morning he again returned and commenced his work before daylight, and in going across the barge fell through the open hatchway into the hold of the boat and received the injuries for which this suit was brought.

There was no light or any other guard placed around the apperture to warn him of his danger. The verdict and judgment were for the plaintiff.

The record contains no evidence to show that plaintiff had personal knowlege of the hatchway being left open, and he swears positively that he had none. But it was sought to show that there was a custom with the defendant to uncover the hatchway to ventilate the boats, and that the plaintiff must have had knowledge of that fact. Upon this point the court instructed the jury that the plaintiff was not bound by any custom of the defendant as to the ventilation of its barges, unless they believed from the evidence that he had personal knowledge thereof, or unless such custom was so well established and universal that his knowledge of the same would be conclusively presumed. This instruction appears to me to be entirely unexceptionable. If the plaintiff had no personal knowledge that it existed, it would be necessary to show that it was so universal and notorious that it was presumed that all were conversant with it.

But the only question in the case deserving any particular consideration or comment, is the action of the court in giving plaintiff's third instruction ; which told the jury that although they might believe from the evidence that the plaintiff failed to exercise ordinary care and prudence while upon the barge of the defendant, which failure might have contributed remotely to his injury, yet, if they believed from the evidence, that the officers, agents or employees of defendant or either of them, were guilty of negligence which was the immediate cause of said injury, and with the exercise of prudence and care by said officers, agents, or employees or either of them, said injury could have been prevented, then the defendant was liable, and they should find for the plaintiff.

In connection with this, the court, at the instance of the defendant, instructed the jury to find for the defendant if they believed from the evidence and circumstances of the case, that plaintiff could have avoided falling into the hatchway of the barge by exercising ordinary care and prudence.

The two instructions taken together constitute a very fair presentation of the law, and the rights and liabilities of the party. The instruction given for the plaintiff is copied from

one which was given in the case of Morissey vs. The Wiggins Ferry Co., (43 Mo., 380,) and has often been approved by this court.

The cases are so numerous in which a similar declaration has been sustained, that if any principle can be considered as established this surely ought to be one. The facts in the case made the declaration proper. The plaintiff perhaps did not exercise the most exact care. He probably did not feel his way to see that every thing was safe, but if he moved in such a manner as a man ordinarily would under the circumstances, and the defendants negligently left the hatchway uncovered, which was the direct and immediate cause of the injury, then the law was properly declared.

But it is contended that although this may be the rule in reference to carriers of passengers, it does not apply to a case like the one at bar. This however is a mistake. The rule was first announced, and the principle had its origin in cases having no connection with passenger carriers.

In the recent case of Brown vs. The H. & St. Jos. R. R. Co., (50 Mo., 461,) it was distinctly held, that although a person was a trespasser or contributed to his injury by his own carelessness or negligence, yet if the injury might have been avoided by the use of ordinary care and caution by the R. R. Co., they were bound to use that care or caution or they would be liable. Many cases are cited in the opinion directly sustaining that doctrine.

In Lynch vs. Nurdin, (1 Ad. & El., N. S., 28,) defendant negligently left his horse and cart unattended in the street. The plaintiff, a child, got upon the cart in play, another child incautiously led the horse on, and the plaintiff was thereby thrown down and hurt. Lord Denman Ch. J., delivered the unaminous opinion of the Queen's bench holding that defendant was liable in an action on the case, though plaintiff was a trespasser and contributed to the mischief by his own act; and that it was properly left to the jury whether defendant's conduct was negligent, and the negligence caused the injury.

In Daviess vs. Mann, (10 M. & W., 545,) the defendant negli-

gently drove his horses and wagon against and killed an ass, which had been left in the highway fettered in the forefeet and thus unable to get out of the way of the defendant's wagon, and it was held that the jury were properly directed, that although it was an illegal act on the part of the plaintiff so to put the animal on the highway, yet that did not justify the defendant in killing him, and that the plaintiff was entitled to recover. Lord Abinger, Chief Baron, and Baron Parke both delivered opinions reiterating and enforcing the principles laid down by Lord Denman in Lynch vs. Nurdin.

So, in the Mayor of Colchester vs. Brooke, (53 Eng. Com. Law 339.,) where oysters were placed in the channel of a public navigable river, so as to create a nuisance, yet a person navigating the river was holden not justified in running his vessel against them, when he had room to pass without so doing.

There are a great number of cases establishing this doctrine and many of then are cited in the opinion in Brown vs. H. & St. J. R. R. Co. But it is not deemed necessary to discuss them further. The rule is settled and can not now be shaken.

In the present case the plaintiff at the request of and for the accommodation of the defendant went to his labor at an unseasonable time, before there was sufficient light to see anything around him. He had a right to act on appearance and to presume that the defendant had been mindful of his rights, and had not done anything which would produce injury to him. If defendant did the act which was the immediate cause of the mischief, and plaintiff did not directly contribute thereto, then defendant's liability is unquestioned. The question of negligence was properly submitted, under fair instructions, and the judgment must be affirmed. Judge Sherwood absent. The other Judges concurring.