Ernest Steiner, Respondent, *v.* William Moran, Appellant.

### April 10, 1876.

1. Though the testimony for one side of an issue may appear to be entirely satisfactory, a verdict for the other will not·be disturbed if there is some testimony in the cause tending to disprove the former.

2. Action for damages sustained by an employé, in consequence of failure by his employer, the defendant, proprietor of a brewery, to provide sufficient guards and appliances for the prevention of accidents on the premises; form and substance of instructions on both sides approved, as in harmony with former decisions in this State and elsewhere.

3. Instructions for defendant, to the effect that, if the plaintiff knew of the opening through which he fell, and that it was carelessly kept, and yet continued to work on the premises, he did so at his own risk, and could not recover, were properly refused.

Appeal from St. Louis Circuit Court.
*Affirmed.*

*A. J. P. Garesché*, for appellant, cited: Dascomb *v.* Buffalo & Lake Shore R. R. Co., 27 Barb. 221; Herring *v.* Wilmington & Raleigh R. R. Co., 10 Ired. 407; Spofford *v.* Harlow, 3 Allen, 179; Boland and wife *v.* Missouri R. R. Co., 36 Mo. 492; Callahan *v.* Warne, 40 Mo. 136; Pittsburgh *v.* Evans, 53 Penn. 255; Shear. & Redf. on Neg. (3d ed.), sec. 86, p. 128, sec. 99; Hill. on Torts (4th ed.), 463; Id. (2d ed.) 460, 461; McDermott *v.* Pacific R. R. Co., 30 Mo. 117; Devitt *v.* Pacific R. R. Co., 50 Mo. 305; Honder *v.* Baltimore R. R. Co., 32 Md. 411; Smith *v.* City of St. Joseph, 45 Mo. 449; Walsh *v.* Missis-

sippi Tr. Co., 52 Mo. 438 ; Wyatt v. Citizens' R. R. Co.,
55 Mo. 485.

*Gottschalk*, for respondent, cited : Walsh v. Mississippi
Tr. Co., 52 Mo. 434 ; Smith v. City of St. Joseph, 45 Mo.
449 ; Wyatt v. Citizens' R. R. Co., 55 Mo. 485.

LEWIS, J., delivered the opinion of the court.

Plaintiff, a workman in defendant's brewery, sued for
$5,000 damages, on account of injuries resulting from a
fall through an air-hole into a cellar on the premises, while
engaged in the line of his duty as defendant's employé.
He obtained a verdict of $500 ; from the judgment upon which
defendant appeals.

The testimony tended to show that the plaintiff went to
work for defendant on February 19, 1873, and the mishap
occurred the evening of the next day, after dark. That
the air-hole was in or near a passage-way through which
plaintiff had to pass, where there were no lights, nor any
guard or other method of warning about the opening.
Slats, about two and a half inches apart, had been placed
across the opening, but it was observed, some two or three
hours after the accident, that one or two of them had been
broken out. The plaintiff was sufficiently injured by the
fall to be unable to work in the ensuing six months.

There was, as nearly always happens in similar cases, a
good deal of conflicting testimony. Abundant material,
which the counsel here utilizes with undeniable force, is
thus furnished for an argument in defendant's behalf upon
the facts in the case. It is shown to us that the statements
of some of the witnesses tend to establish theories utterly
inconsistent with any right of recovery in the plaintiff; as,
that the widest opening left by broken slats was only eight
inches, through which the plaintiff could not possibly have
fallen ; that plaintiff, as a brewer of fifteen years' experi-
ence, must have known that air-holes were necessary in
every brewery, and, therefore, he knew all about this one,
or else was guilty of gross negligence in not finding it out ;

that plaintiff was furnished by defendant with a light, but willfully refused to make such a use of it as would have prevented the accident, etc. But however we might be convinced, by the able argument of counsel, that we could never render a like verdict upon the same testimony, we would be precluded by long settled law from giving practical effect to such a conviction in the present case. There was at least some testimony tending to disprove every theory upon which the defendant so insists; and, the jury having discharged their exclusive function of determining which side is entitled to prevail, we have no authority to disturb their verdict. An unavoidable application of this indispensable rule disposes of numerous points made by counsel for appellant to show that the verdict was against the evidence. The only exceptions saved were to the giving or refusing of instructions, and to the overruling of the application for a new trial. These matters, therefore, must comprehend the limits of our review. The instructions given for the plaintiff were as follows:

"The court instructs the jury that, if they find for the plaintiff, they will assess his damages at such a sum, not exceeding $5,000, as they believe from the evidence to be a reasonable compensation for the injuries he has sustained, the pain and suffering caused thereby, the expenses of his medical treatment for such injuries, and the loss of time resulting from such injuries, if any such have been shown in evidence; and, in assessing the damages, the jury will take into consideration the nature of the injuries, whether or not they are of a permanent character; how, if at all, they will affect the ability of plaintiff in the future to earn a living; how, if at all, they will affect his future health; and what pain and suffering they will hereafter cause to the plaintiff."

"The court instructs the jury that, if they believe from the evidence that in or near the passage-way which plaintiff had to use, in order to attend to his duties in the brewery

of defendent, there was, at the time of the happening of the injuries complained of, an air-hole or other opening, and that the same was insecurely guarded or protected, or not, or insufficiently, provided with lights to warn persons passing by there; that defendant either knew, or might have known, the unsafe condition of such air-hole or opening, by the exercise of reasonable care and diligence; and that plaintiff, while on his way to the brewery in order to attend to his business, and while using ordinary care and prudence, fell in or through said hole, and received the injuries complained of, by reason of the unsafe condition or insufficient protection of such opening, then the defendant is liable in this action, and the jury will find for the plaintiff."

"The jury are instructed that, although they may believe from the evidence that the plaintiff failed to exercise ordinary care and prudence while going to the brewery, which may have contributed only remotely to his injury, yet, if they believe. from the evidence that the defendant was guilty of negligence which was the immediate cause of said injuries, and that, with the exercise of reasonable care and prudence on the part of defendant, said injuries might have been prevented, then the defendant is liable in this action, and the jury will find for plaintiff."

Upon defendant's application, the jury were instructed as follows :

"If the jury believe from the evidence that defendant provided for the air-hole or opening, through which plaintiff is alleged to have fallen, all the appliances reasonably necessary for the safety of the parties in his employ, and that such opening with such appliances had not been allowed to get out of repair through the neglect of defendant, but the plaintiff's own carelessness directly contributed to his injury, or the carelessness or negligence of his fellow-servants, then he cannot recover."

"The jury are instructed that, if they believe from the evidence that plaintiff by his own negligence directly contri-

buted to the accident which resulted in his injury, they will find for defendant."

"The jury are instructed that, if they believe from the evidence that defendant, by slats or otherwise, provided a suitable and safe covering or guard to prevent persons from falling through the air-hole or opening through which plaintiff is alleged to have fallen, and that the accident occurred through the negligence or fault of plaintiff's co-employés in not placing, or improperly placing, the slats or other safeguards provided by defendant for protection against such an accident, the jury will find for the defendant."

These instructions put the law of the case so fully and so fairly before the jury that we fail to discover in what particular they could have been substantially improved. In those features whereof the defendant may be supposed most likely to complain, they are emphatically sanctioned by our Supreme Court, in *Walsh* v. *Mississippi Transportation Company*, 52 Mo. 434, and in other cases there cited.

The court refused defendant's prayer for instructions as follows:

"If the jury believe from the evidence that plaintiff knew of the opening in question, and also knew that, though sometimes covered, it was at other times left uncovered and unguarded, but that plaintiff, aware of all this, nevertheless consented to work for the defendant, plaintiff did so at his own risk, and plaintiff cannot recover in this case."

"Although the jury should believe from the evidence that there were defects in the air-hole or opening through which plaintiff is alleged to have fallen, and which occasioned his injury, still, if they believe from the evidence that plaintiff continued to work for defendant, knowing of these defects, he did so at his own risk, and plaintiff cannot recover."

No testimony was given upon which either of these instructions could be justly based. It was not attempted to be shown that the plaintiff knew of the existence of this particular air-hole—where it was, how it was used, or what

were its defects, otherwise than by his general knowledge,. as a practical brewer, that air-holes were necessary to all. breweries. He himself testified that he had come to the brewery only on the day next before that of the accident; that he " never took any notice where the air-holes were," and that nobody told him about this one. There was, moreover, testimony tending to show that its guards were, contrary to prevailing custom, even with, instead of above, the ground-level, and that it was situated where it would not be likely to attract special attention.

We can find in the record no error to justify a reversal, and must, therefore, affirm the judgment. The other judges concur.