R. F. PARK, Respondent, *v.* G. M. VIERNOW ET AL., Appellants.

### January 20, 1885.

1. EVIDENCE — CUSTOM OF TRADE — KNOWLEDGE OR NOTICE. — Evidence of a custom of trade set up to modify a written contract is inadmissible unless it be first shown that it was either known to the party sought to be charged or that it was so notorious that such knowledge may be presumed.

2. —— SECONDARY EVIDENCE — NOTICE TO PRODUCE PAPERS. — Notice given at the adjournment of court to produce papers at the continuation of the trial next morning may be such a reasonable notice as will admit secondary evidence of the contents of the paper.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Affirmed.*

HUGO MUENCH, for the appellant.

LEONARD WILCOX, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The substance of the plaintiff's case is, that, being the contractor with the board of public schools of the city of St. Louis for the building of an addition to the Lyon school-house, he solicited of the defendants a bid for the doing of the brick work of said addition according to the plans and specifications, and that they gave him a bid in writing, whereby they proposed to do it for the sum of $1,921.06 ; that he accepted this bid by parol, and notified them to proceed with the work, which they declined to do,

without alleging any reason therefor ; that he thereupon re-
let the doing of said brick work to one Foster, for the sum
of $2,150, which was a reasonable price for the doing of
the same ; that Foster has completed the work and has been
paid therefor by the plaintiff in full, except as to the sum
of $219, for which the plaintiff has given to Foster his ne-
gotiable promissory note ; and the plaintiff accordingly sues
for the difference between the defendant's bid and the bid
made by Foster upon which he was obliged to relet the
work.  The action was commenced before a justice of the
peace and was appealed to the circuit court, where on trial
*de novo* before a jury, the plaintiff had a judgment.

The substance of the defence is, that, as the law does not
give a mechanic's lien upon a public school building, there
is a custom among sub-contractors of work upon such build-
ings in St. Louis to require a bond of the principal contractor,
unless he is undoubtedly solvent ; that the bid which the
defendants made was made in view of this custom ; that
the plaintiff was insolvent ; that the defendant offered to do
the work in accordance with the bid, provided the plain-
tiff would furnish a bond to pay them for doing it in ac-
cordance with the custom, which the plaintiff declined to
do ;and that thereupon they notified him that they would not
proceed with the work.  No other defence was set up.  Ex-
cept as to the custom, there was evidence at the trial tend-
ing, on the one hand, to make good the plaintiff 's claim,
and on the other to make good his defence.

1. The principal question in the case seems to be whether
the court was right in refusing to allow evidence of the cus-
tom to go to the jury.  The tender of this evidence was
made in this way : The defendant, Gustav M. Viernow, be-
ing on the witness-stand, testified that " there was at the
time in question in the city of St. Louis a custom among
builders engaged in doing public work, in reference to the
requirements of a bond from the principal contractor by
the sub-contractor, and the furnishing thereof by the prin-

cipal contractor, in all cases where he was not of undoubted solvent standing; though in the brick trade generally, such custom was not understood by perhaps over one-third. The defendants asked witness, Gustav M. Viernow, as to what that custom was, to which question the plaintiff objected, which objection the court sustained," etc. It is well settled that, in order that a usage or custom may enter into and affect the construction of a contract, it must be shown to be so general and well established that the parties must be presumed to have had knowledge of it and to have contracted with reference to it. *Martin* v. *Hall*, 26 Mo. 386. It must be either directly known to the parties, or else so general in its character that knowledge of it may well be presumed. *Southwestern Freight, etc., Co.* v. *Stanard*, 44 Mo. 71, 82. Or, applying to this case the language of the supreme court in another case, it may be said that, " if the plaintiff had no personal knowledge that it existed, it would be necessary to show that it was so universal and notorious that it was presumed that all were conversant with it." *Walsh* v. *Mississippi Transportation Co.*, 52 Mo. 434, 438. In this case there was no evidence whatever from which it might be inferred that the plaintiff was acquainted with such a custom, as it was proposed to prove, except general evidence to the effect that he had been since 1856 a builder in St. Louis, and that he was a contractor of this particular work. With regard to the question to what extent such a custom must be shown to have been general, in order to bring presumptive knowledge of it home to the plaintiff, we incline to agree with the learned counsel for the defendants that it was not absolutely necessary to show that the custom was known to all persons engaged in the brick trade in St. Louis. On the other hand, we think it would have been sufficient to show that the custom was general or universal among builders doing public work in St. Louis, and that the plaintiff was a person of this designated class; because many persons might be engaged in the brick

trade and yet not engaged as builders in the doing of public work, and accordingly they might not be likely to know of a custom peculiar to builders doing such work, although it might be universally known among such builders.   In order to admit evidence of the custom in this case, it was obviously necessary to prove as a preliminary foundation, either (1) that the plaintiff knew of the existence of such a custom at the time when he solicited and accepted the defendants' bid; or, (2) that the custom was universal among builders engaged in doing public work in St. Louis; and, (3) that the plaintiff was such a builder.   But neither of these three things was shown, or was offered to be shown.   It is therefore clear that the court committed no error in refusing to allow the witness to state what the custom in question was, and it equally follows that the court was right in refusing an instruction offered by the defendants predicated upon the existence of such a custom.

2.  The plaintiff testified that on the 21st of July, 1882, he left at the office of defendants a written notification that, unless they would commence work on the bid in question on or before the 24th of July, he should let it out to the next lowest bidder, and would look to them for what it might cost him to do the work above the amount which they had bid, and that he kept a copy of this notice.   After this testimony had been given the court adjourned until the following day.   About seven o'clock p.m., on the same day, the plaintiff served upon the defendants a notice to produce the paper in question at the continuation of the trial on the following day.   They did not produce it, and thereupon the court allowed the plaintiff, against the objection of the defendants to read in evidence the copy which he had kept. There was no error in this.   Nothing appears to indicate that the notice to produce the paper was not a reasonable notice, or that the defendants were in any way prejudiced by the introduction of the copy.   No claim was made by the defendant that such a written notice had not been re-

ceived by them, but on the contrary, Gustav M. Viernow admits in his testimony that such a paper was received and thinks that he put it in the waste basket.

3. Concerning the instructions, it is sufficient to say that the court put to the jury in terms favorable to the defendants the question whether there was any express understanding between the plaintiffs and the defendants that the plaintiff should furnish to the defendants security that he would pay them for the doing of the work. Concerning this and the other instructions, it is sufficient to say that they were plainly as favorable to the defendants as they could rightfully claim, and that if any error was committed in giving them it was an error against the plaintiff.

The judgment is accordingly affirmed. All the judges concur.