Morrissey v. The Wiggins Ferry Co.

———◇———

PATRICK MORRISSEY, Appellant, v. THE WIGGINS FERRY COMPANY, Respondent.

1. *Carriers — Passenger — Damages — Contributory Negligence.*—In an action of damages for negligence, unskillfulness, or criminal intent, the settled principle now is that it ought to be left to the jury to say whether, notwithstanding the imprudence of the injured person, the defendant could not, in the exercise of reasonable diligence, have prevented the catastrophe.

2. *Carriers — Passenger — Damages — Contributory Negligence — Remote and direct cause of injury.*—In a suit under section 2, ch. 147, Gen. Stat. 1865, if the evidence shows that the deceased only remotely contributed to the accident, and that the agents and employees of the defendant were the direct and immediate cause, and might have prevented it by the exercise of prudence and care, the defendant is liable.

*Appeal from St. Louis Circuit Court.*

On the trial the following among other instructions were given to the jury for defendant:

1. The jury are instructed that they are to consider whether or not there was any negligence on the part of deceased, or a want of care and common prudence ordinarily exercised on such occasions and in like circumstances. And if they believe from the evidence that there was such negligence or want of care and prudence on her part which produced or contributed to produce the accident and death of said deceased (if they believe she was drowned), then they will find for defendant.

2. Unless the jury believe from the evidence that said Annie Morrissey went overboard and was drowned, and that she was then a minor under the age of eighteen years, and the daughter

of plaintiff, and that such accident and death were occasioned by the negligence, unskillfulness, or criminal intent of the engineer, agents, or employees of defendant, while running, conducting, or managing the ferry-boat, as it respects the keeping of the entrance to said boat, where passengers go on and off, properly guarded and protected, and as respects keeping lights on said boat and wharf-boat, and unless they further believe that such accident and death resulted without any negligence or want of care on her part which produced or contributed to produce such accident and death, they will find for defendant.

Other facts appear in the opinion of the court.

*Morris & Peabody*, for appellant.

I. In order to preclude a recovery by plaintiff, the negligence of deceased must have directly contributed to produce her injury and death. ( Huelsenkamp v. Citizens' Railw. Co., 37 Mo. 537 ; Liddy v. St. Louis R.R. Co., 40 Mo. 506 ; 1 Duer, 571 ; 24 Verm. 487 ; 22 Verm. 213 ; 19 Conn. 507.)

II. If the negligence of defendant's employees was the immediate cause of the death of deceased, and that of deceased the remote cause, and with the exercise of prudence on the part of defendant's employees said injury and death might have been prevented, then the plaintiff is entitled to recover. (Huelsenkamp v. Citizens' Railw. Co., 37 Mo. 537 ; 1 Duer, 571 ; 24 Verm. 487 ; 22 Verm. 213 ; 19 Conn. 507 ; 3 Ohio, 172 ; 4 Ohio, 474.) The law and the evidence of the case warranted the giving of the third and fourth instructions offered by plaintiff and refused by the court. The instructions given for defendant were improper, because they instructed the jury that if there was any negligence on the part of deceased which contributed to produce the accident and death, they should find for defendant. Under these instructions, if there was the least negligence on the part of deceased which contributed to produce the accident and death, the jury could find for defendant.

*Ewing & Holliday*, for respondent.

Where the accident and death result from the act of deceased in voluntarily taking a dangerous or improper position, when it

was practicable to get into a safe and secure place, the carrier is not liable. (Huelsenkamp v. Citizens' Railw. Co., 34 Mo. 45, 52; Winters v. Hann. & St. Jo. R.R. Co., 39 Mo. 468; Kennedy v. N. M. R.R., 36 Mo. 351.)

Although some of the more modern decisions indicate a disposition to restrain the universal application of the rule that the slightest possible negligence on the part of the deceased will in all cases prevent a recovery, yet they have in no degree unsettled the rule that if, notwithstanding the negligence of defendant, deceased, in the exercise of common care and prudence, might have avoided the injury, plaintiff cannot recover.

If the passenger is guilty of negligence which, in whole or in part, was the proximate cause of the injury, the carrier is exculpated. (Huelsenkamp v. Citizens' Railw. Co., 37 Mo. 549.)

WAGNER, Judge, delivered the opinion of the court.

This action was brought under the second section of chapter 147 of the General Statutes, and damages claimed to the amount of $5,000, by the plaintiff, as the only surviving parent of Annie Morrissey, who, it is alleged, was a minor and unmarried, and was drowned while crossing the Mississippi river on one of defendant's ferry-boats, in consequence of the negligence, unskillfulness, or criminal intent of defendant's agents and employees in managing said boat.

On the trial in the court below, under certain instructions, the jury found a verdict for the defendant. There was much evidence given, and it was conflicting in its character, but I shall neither detail nor comment on it, as it belongs exclusively to the jury to attach to it whatever weight and consideration they may deem it deserves.

The whole defense was based upon the ground of contributory negligence: that the deceased, through her imprudence and want of care, produced or contributed to the accident in such a manner as ought to preclude a recovery. That there is a difference in the adjudications upon this subject, and that some courts have held that no recovery can be had where the injured party is in the least in fault, cannot be disputed. But such is not the ruling of this

court; and it is to be observed that the courts which have heretofore laid down the above doctrine are rapidly retracing their steps and declaring a rule more reasonable and in consonance with justice.

The question has been discussed in several recent cases in this court, and the law must be considered as established — no longer in doubt or open to question. The settled principle now is that it ought to be left to the jury to say whether, notwithstanding the imprudence of the injured person, the defendant could not, in the exercise of reasonable diligence, have prevented the catastrophe.

The degree of responsibility to which carriers of passengers are subjected is not ordinary care merely, which will make them liable only for ordinary neglect,. but extraordinary care, which renders them liable for slight neglect.

In a recent case in this court, in discussing the liability of passenger carriers, we declared the rule to be " that the carrier shall be guilty of some negligence which mediately or immediately produced or enhanced the injury, and that passengers should not have been guilty of any carelessness and imprudence which directly contributed to the injury, since no one can recover for an injury of which his own negligence was, in whole or in part, the proximate cause; and that, although the plaintiff's misconduct may have contributed remotely to the injury, if the defendant's misconduct was the immediate cause of it, and with the exercise of prudence he might have prevented it, he is not excused." (Huelsenkamp v. Citizens' Railw. Co., 37 Mo. 537; Kennedy v. N. M. R.R. Co., 36 Mo. 351; Boland et ux. v. Mo. R.R. Co., 36 Mo. 484; Meyer v. Pacific R.R. Co., 40 Mo. 153; Liddy v. St. Louis R.R. Co., 40 Mo. 506.)

The concluding paragraph of defendant's second instruction is objectionable. It tells the jury that unless they believe that the accident and death resulted without any negligence or want of care on the part of Annie, which produced or contributed to produce such accident and death, then they should find for defendant.

This was in direct conflict with the law as above declared. It destroyed the plaintiff's right of action for the least fault upon the part of deceased, and exonerated the defendant, although the

unskillfulness, negligence, and criminal intent of its agents and employees may have directly caused the injury. Such is not the law, and we hope it never will be.

The plaintiff asked two instructions which were refused. They are as follows:

"That if the jury find from the evidence that the employees of defendant or either of them were guilty of negligence in not keeping the entrance to defendant's boat properly guarded or protected, or in not keeping sufficient lights on said boat or on the wharf-boat, by reason of which deceased came to her death, and that deceased was not guilty of any want of ordinary care and prudence which directly contributed to the injury, then the defendant is liable in this suit."

"That although the deceased may have been guilty of misconduct or failed to exercise ordinary care and prudence while passenger on defendant's boat, which may have contributed remotely to the death of deceased, yet if the employees or either of them of defendant were guilty of negligence which was the immediate cause of the death, and with the exercise of prudence by said employees or either of them said injury and death might have been prevented, the defendant is liable in this suit."

The instructions asserted correct propositions of law, and should have been given. They tell the jury that if the deceased only remotely contributed to the accident, and if the agents and employees of the defendant were the direct and immediate cause, and might have prevented it by the exercise of prudence and care, the defendant is liable. Nothing can be clearer.

There was some question made about the action of the court in admitting and rejecting testimony, but I have seen nothing objectionable in the ruling of the court in that regard, except in portions of the deposition of Barron.

And although his statements were so absurd, and so flatly contradictory to the whole mass of the testimony given on each side, that I have no idea that either the jury or anybody else believed them, still they were incompetent, and should have been excluded.

With the concurrence of the other judges, the judgment will be reversed and the cause remanded.