---o---

SOPHIA KARLE, Respondent, *vs.* THE KANSAS CITY, ST. JOSEPH AND COUNCIL BLUFFS R. R. COMPANY, Appellant.

1. *Practice, civil—Objection that petition states matter of law— When not considered by Supreme Court.*—The objection that plaintiff's petition sets up matters of law will not be considered by the Supreme Court, when not raised in the trial court by instructions, motion to strike out, demurrer or answer.

2. *Instructions should be taken as a series.*—If, when taken together, instructions are correct and not calculated to mislead, they are properly granted.

3. *Damages—Railroads—Contributory negligence of deceased—Legal effect of.* —In suit against a railroad company by the wife for the killing of her husband, under the Damage Act (Wagn. Stat., 519), if deceased was guilty of any negligence which contributed directly to cause his death, plaintiff cannot recover.

4. *Damages—Railroads—Violation of ordinance as to speed, ringing of bells, etc.*—Where a city ordinance, duly authorized by law, expressly requires railroad trains while passing through the city limits, to observe a certain rate of speed, to keep head-lights burning, and the bell ringing, failure to comply with such ordinance amounts to negligence, *per se.* But these violations do not fasten liability on the company, where they did not cause the damage.

5. *Railroads—Trains—Running of at unusual hours—Precautions—What necessary.*—Where a train is run through a populous city at an unusual hour, it is incumbent on its employes to take unusual precautions to avoid accidents, and the failure to do so would authorize a jury to infer negligence.

6. *Railroads—Damages—Exercise of proper care by company— When necessary —Contributory negligence.*—Mere carelessness on the part of the injured person will not excuse a railroad company, if by the exercise of proper care and prudence and the rules and regulations prescribed by law, the injury could have been avoided.

*Appeal from Buchanan Circuit Court.*

*Stringfellow*, for Appellant.

*Hill & Carter*, for Respondent.

Unless the acts of the person killed were the direct and proximate cause of the disaster, the company will not be excused from liability. (Kennayde vs. Pacific Railroad, 45 Mo., 253; Colegrove vs. N. Y. & H. R. R. R., 6 Duer., 382; Shearm. & Redf. Neg., 25, 28, 29, 47, and cases cited; Morrissey vs. Wiggins Ferry Co., 43 Mo., 380; Davies vs. Mann, 10 Mees. & W., 545; State vs. Manchester & L. R. R., 52 N. H., 528; Thompson vs. N. Mo. R. R. Co., 51 Mo., 190; Meyer vs. People's R. R. Co., 43 Mo., 523.)

NAPTON, Judge, delivered the opinion of the court.

This suit was to recover the penalty of $5,000 against defendant for killing the plaintiff's husband at a street crossing in St. Joseph, by the careless and negligent conduct of an engineer in charge of a locomotive of defendant.

There was a verdict for plaintiff under instructions from the court; and a bill of exceptions was taken, which did not give any details of the evidence on either side, but merely stated that evidence was given to sustain the issues made by the pleadings on either side. The instructions given and refused are preserved in the bill of exceptions, and the propriety of these instructions presents the only point for our consideration.

The instructions given, are as follows:

1. The defendant admits that it is a corporation, &c., and the owner of a certain railroad from Kansas City to and through the City of St. Joseph, &c., and that it was authorized to run locomotive engines, cars, &c., over and across the roads and streets of said City of St. Joseph, &c.; also admits, that the City of St. Joseph was incorporated, &c., and that by an act of the General Assembly of the State of Missouri entitled, "An act to amend the charter of the City of St. Joseph, approved Jan'y 26, 1864," power and authority were granted to said City of St. Joseph to prescribe the kind of power to be used

on said road, and to regulate the speed of locomotives and cars passing over said railroad within the corporate limits of said city; and that in pursuance of said power and authority thereby granted the said city, it duly passed, on the 12th of June, 1869, an ordinance and law to regulate the same, and defendant admits that a portion of said ordinance and law pertaining to railroads is in words and figures as follows, to-wit: Ch. 47, §1. "No locomotive engine, railroad passenger car or freight car shall be driven, propelled or run upon or along any rail track within said city at a greater speed than at the rate of five miles per hour. Sec. 4. Every locomotive engine, railroad car, or train of cars running in the night time on any railroad track in said city, shall have and keep while so running, a brilliant and conspicuous light on the forward end of such locomotive engine, car, or train of cars. Sec 6. The bell of such locomotive shall be rung continually while running within said city."

Defendant also admits, that said ordinance and law and the parts thereof above set forth, were in full force and effect in said City of St. Joseph at the time of the alleged committing of the injuries and violations in plaintiff's petition complained of.

2. The court instructs the jury, that if they believe from the evidence that G. Karl, husband of the plaintiff, was by the defendant's locomotive and tender run over and killed while crossing the said defendant's railroad at the crossing of 8th St., in the City of St. Joseph; and said running over and killing were the result of, and occasioned by, the negligence or unskillfulness of the servants, engineer or employes of the defendant conducting or managing said locomotive and tender, they will find for the plaintiff $5,000 in damages.

3. If the jury believe from the evidence, that the defendant at the time alleged in the petition, by its servants and employes ran their locomotive engine along its railroad track within the City of St. Joseph, at a greater speed than the rate of five miles per hour, it constituted negligence on the part of the defendant.

4. If they believe from the evidence, that the defendant at the time alleged in the petition, by its servants or employes, ran their locomotive engine, car or train of cars in the night time on its railroad track in the City of St. Joseph, without keeping while so running a brilliant and conspicuous light on the forward end of such locomotive engine, car or train of cars, it constituted negligence on the part of defendant.

5. If the jury believe from the evidence, that the defendant at the time alleged in the petition, by its employes ran its locomotive engine over its road within the City of St. Joseph, without ringing its bell continually while running in said city, it constituted negligence on the part of the defendant.

6. The court instructs the jury, that they are authorized to infer negligence upon the part of defendant, if they believe from the evidence, that the defendant at the time alleged in the petition, by its servants and employes ran its locomotive or train within the City of St. Joseph, out of the usual time for running its trains over its railroad, and failed to use more than ordinary care when crossing the streets or public highways in said city to avoid doing injury to persons passing over its track.

The above instructions were all given against the objection of defendant. The defendant asked the following instructions:

First. In this case, the burden of proof is on the plaintiff, and to entitle her to recover she must prove to the satisfaction of the jury by the preponderance of the evidence, 1st, that the husband of plaintiff was killed by the negligence, unskillfulness or criminal intent of some officer, agent, servant or employee of the defendant; 2nd, that such officer, agent, servant or employee was at the time running, conducting or managing some locomotive of defendant; 3rd, that such servant, agent, officer or employee was at the time subject to and under the control of defendant; 4th, that such person so killed had a right to be on defendant's road at the time and place where he was killed. And if the plaintiff fail to satisfy the jury of all or any one of these facts, they will find for defendant.

Second. If the jury find from the evidence, that the death of Karle, was occasioned in any manner by his own negligence, or that at the time of his death he failed to use ordinary care to protect himself from danger, by reason of the passing of defendant's train, they should find for defendant.

These instructions were refused, and the court instructed as follows:

The court instructs the jury, that the burden of proof is on the plaintiff; and to enable her to recover, she must prove to the satisfaction of the jury by the preponderance of the evidence, 1st, that the husband of plaintiff was killed by the negligence, unskillfulness or criminal intent of some officer, agent, servant or employee of defendant; 2nd, that such officer, servant, agent or employee was at the time running, conducting or managing some locomotive of defendant; 3rd, that said person so killed was in a public street crossing in the City of St. Joseph at the time of such killing. And if the plaintiff fails to satisfy the jury of all or any one of these facts, they will find for defendant.

Third. The court instructs the jury, that if they find from the evidence that the deceased Karle, was guilty of any negligence that contributed directly to cause his death, they will find for the defendant.

The first instruction is simply a repetition of the allegations of the petition which were not answered, and which therefore, under our rules of pleading, must be taken as admitted.

It is urged now, that the allegations in the petition thus recited in the first instruction, averred matters of law as well as fact, and therefore the failure to answer them only admitted the matters of fact alleged, and not the matters of law asserted; that the ordinance of the city was, so far as it required a head-light not authorized by its charter, and that the charter of the city could not, if its provisions so purported, affect or invalidate the privileges and rights of the railroad company under its charter, and the general law of the State regulating this and other roads.

It was the province of the court to instruct the jury on mat-

ters of law, and if the first instruction be assumed as a declaration on the part of the court, not only that the charter of the City of St. Joseph was as stated, but that it was a legal and valid charter, and that the ordinance recited was not only in point of fact passed, but was valid and operative at the time of the alleged injury, we are unable to see how the validity of the charter or of the ordinance was disputed in the court that tried the case. No instructions on this point were asked by the defendant; no motion was made to strike out, nor any demurrer offered to these allegations of the petition as containing matters of law, and no answer was made to them.

It is said here, that the charter only authorized the city authorities to regulate the speed of the transit of trains through the city, and control the motive power used; and gave the city no power to require head-lights and a continued ringing of bells when running at night. This point is not presented to the Circuit Court, nor is it probable that the court designed to pass on it by simply reciting in an instruction to the jury the allegations in the petition not denied in the answer. There are very few allegations of fact contained in any petition which do not in some sense impliedly assert what may be called matters of law, and it is difficult for a court in its instructions to juries to avoid such assumptions, practically not calculated to mislead any one. It is easy to call the attention of a court to serious departures from the rule which requires questions of fact only to be submitted to a jury.

It may be that the general statutes concerning railroads required head-lights on a locomotive engine when running through any city or town and the ringing of bells, or that other provisions in the charter of the City of St. Joseph authorized such regulations in relation to the police of the city as would warrant the restrictions complained of here. But it is obvious that the important points decided by the court in its instructions at the trial, and properly before this court for review, relate altogether to the question of negligence on the part of the defendant, and negligence on the part of the plaintiff's husband.

31—VOL. LV.

The objection to the first instruction given by the court at the instance of the plaintiff in regard to negligence is, that it ignored the subject of negligence by the plaintiff's husband altogether and therefore authorized the jury to find a verdict for plaintiff on proof of the negligence or carelessness of defendant's agents, without regard to the proof of any degree of negligence by the person killed.

The instructions given by the court whether for plaintiff, or defendant, or upon the court's own motion, must be regarded to gether; and if as a whole series of instructions they are correct and not calculated to mislead, a mere conclusion based on the ground that they are not all embraced in a single instruction cannot avail the plaintiff in error as a ground for reversal. Where there are several issues and evidence is offered on each, a general instruction applicable to the whole case might be so complex as to be more likely to mislead or perplex a jury than a series of instructions on each issue presented by the pleadings and evidence. In this case we know nothing of the evidence given on the trial, as it is not preserved by the bill of exceptions. It is merely stated, that evidence was "introduced by the plaintiff to sustain the issues on her part, and the defendant introduced evidence to sustain the issues on its part, and this was all the evidence in the case." As the plaintiff averred that the killing was done by the negligence of defendant, without any negligence or fault of plaintiff's husband, and the defendant denied these allegations, the question of negligence on the part of the deceased husband of plaintiff was in issue, and we may assume that there was evidence on this issue, and therefore the court was properly required to instruct on this point. The instruction given by the court on this subject, was, that if the jury found that the deceased was guily of any negligence that contributed directly to cause his death, they would find for the defendant. This instruction is unquestionably in conformity to the well settled doctrines of this State, however it may be regarded else where.

This subject has been carefully examined, and the leading au-

thorities both in England and this country thorougly reviewed
and considered in a number of cases decided by this court.
(Brown vs. Han. & St. Jo. R. R., 50 Mo., 461; Walsh vs.
Mississippi Trans. Co., 52. Mo., 434; Morrissey vs. Wiggins
Ferry Co., 43 Mo., 380; Kennayde vs. Pac. R. R. Co., 45
Mo., 255.) It is unnecessary to discuss the question again.
The question of negligence is treated here as a mixed question of
law and fact, the facts being left to a jury, and the legal effect
of them declared by the court. Undoubtedly, negligence as
a question of fact, must of necessity vary with the circum-
stances of each particular case. Hence, the instructions of
the court will necessarily be adapted to the particular facts in
testimony. The three instructions which declared a failure
of the defendant to observe the regulations of the city ordi-
nance in relation to the speed of trains, keeping head-lights
and ringing the bell, to be negligence *per se*, were undoubtedly
correct. These were violations of an express law and of course
amounted to negligence. It does not follow, however, nor
was the jury so instructed, that these violations of law, or any
one of them made defendant liable; for in this as in the other
instructions, the qualification announced in the first and princi-
pal instruction on negligence, that this negligence caused the
injury, was necessarily implied; and so the first instruction, if
regarded as stating the whole law of this case, manifestly im-
plies that the cause of the injury was the negligence of the de-
fendant and not the negligence of the deceased.

The sixth instruction given for the plaintiff was unnecessa-
ry and perhaps improper, if we assume that there was no evi-
dence showing that the defendant's locomotive was running at
an unusual or irregular time when the accident occurred, and
there is no allegation in the petition to this effect. The in-
struction is undoubtedly the law. There can be no question
that if the defendant was, on the night of the accident run-
ning a train through a populous city at an unusual hour, it
was incumbent on its employees to use unusual precautions to
avoid accidents, and the failure to use such precautions would
certainly authorize a jury to infer negligence. This is a mere

inference of fact, however, and it is not the duty of the court
to tell the jury what particular inferences or conclusions they
may be justified in drawing from a hypothetical state of facts.
As we do not know that there was any evidence on this point
and the bill of exceptions does not state that there was, (there
being no such issue made in the pleadings) we presume this
instruction was harmless, since as an abstract proposition it
was right enough.

In regard to the defendant's instructions which were refused,
it will be apparent from an examination of them and thos·
substituted by the court, that such of them as were prope
were substantially given.   The principal instruction giver
by the court in regard to the negligence of the person killed
is substantially the one asked by the defendant on this point
The only variance is, that the instruction given uses the word
"negligence," and the instruction asked used the term"want o·
ordinary care" which we take to be equivalent expressions.   It
is true the instruction given adds that this negligence or want
of ordinary care must contribute to the result directly, and in
this respect it was more favorable to the defendant than some
of our decisions above referred to, and others referred to ir
the cases cited, would warrant.   For it is held, that mere
carelessness on the part of the injured person will not excuse
the defendant, if by the exercise of proper care and prudence
and the rules and regulations prescribed by law, such injury
could have been avoided.   The doctrine of contributory neg
ligence is thus stated in the work of Shearman and Redfield
Ch. 3, § 25.   "One who is injured by the mere negligence of
another, cannot recover at law or in equity any compensation
for his injury, if he by his own or his agent's ordinary negli
gence or willful wrong, proximately contributed to produce
the injury of which he complains, so that but for his concur-
ring and co-operating fault, the injury would not have hap-
pened to him, except where the more proximate cause of the
injury is the omission of the other party, after becoming
aware of the danger to which the former party is exposed, to
use a proper degree of care to avoid injuring him."   And

this is substantially the doctrine of this court in Morrissey vs. Wiggins Ferry Co., 43 Mo., 380.

Upon the whole we think the instructions were correct and therefore the judgment will be affirmed.

The other judges concur.