S. H. BLAYDES *et al.* , Respondents, v. CHARLES B. ADAMS, Appellant.

Kansas City Court of Appeals, April 15, 1889.

1. **Agency:** WHEN REAL-ESTATE AGENT HAS EARNED HIS COMMIS-SION THOUGH TRADE BROKEN OFF. Where by the exertions of a real-estate agent a trade of land was effected between his principal and another, such agent can recover his commissions, though before the consideration thereof, such trade was, without any fault of the agent, declared off by other agents of said principal for the mere purpose of depriving the agent of his commissions.

2. ———: EXTENT OF AGENT'S POWER: BURDEN OF PROOF. In such case it devolves upon the agent suing for his commissions to prove to the satisfaction of the jury that such other agents had authority to break of the trade on the ground alleged.

3. **Practice:** INSTRUCTIONS TAKEN TOGETHER : VERDICT AND EVI-DENCE. Instructions are all to be taken as comprising the law of the case and considered together, and if so considered, they fairly present the issues to the jury in such way as to be understood by men of common understanding, it is all that is required, and a verdict will stand if there is any evidence to sustain it.

*Appeal from the Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

Statement of the case.

Plaintiffs were real-estate agents, residing in Boon-ville, Missouri. Defendant lived in Kansas City, Mis-souri, and owned real estate in Abilene, Kansas, consisting of town lots, which he was desirous of selling or trading for other property. In May, 1887, defendant wrote plaintiffs a letter authorizing them to sell or trade his lots, or any portion of them, and giving them the terms on which they might do so. Plaintiffs, by letter,

accepted the terms and at once commenced trying to dispose of said lots for the defendant. About this time defendant gave Glover Brothers, a real-estate firm in Kansas City, full control of all his said real estate, and to whom he referred the plaintiffs, and through whom all business was thereafter conducted, as is shown by the evidence of plaintiff Blaydes and the correspondence by him referred to.

Plaintiffs first made an unsuccessful attempt to trade some of said lots for a drug store in Boonville. Afterwards they opened negotiations with the owners of an island in the Missouri river, known as Hardiman's Island. They wrote to Glover Brothers in regard to same, informed them of the character of the island, its value, etc., who in return wrote to plaintiffs in regard to the exchange of some of said lots for said island.

Pending said correspondence, one of the owners of said island, one Jones F. Adams, a brother of the defendant, visited Kansas City and consummated the trade already begun by plaintiffs, whereby a number of said lots were traded for said island. In pursuance of this trade the defendant executed and delivered to said Jones F. Adams a deed for said lots, and the said Adams and Hudson, the other owner of said island, executed and sent to Glover Brothers a deed to the island. On account of some formal defect in this deed it was returned for correction, and another deed was executed by said Adams and Hudson and sent to said Glover Brothers. This deed seems also to have been defective in some particular. After plaintiffs learned of the trade and while said parties were endeavoring to perfect their deeds, they (plaintiffs) wrote to Glover Brothers asking for their commissions.

This was refused and finally the said Glover Brothers wrote that if they insisted on their commissions they (Glover Brothers) would call the trade off, and thus

avoid the payment to plaintiffs of their commissions, and, as a matter of fact, they did declare said trade off, and the deeds which had been passed were all returned.

This case was tried before the circuit court, judgment for plaintiff for one hundred and fifty dollars and defendant appeals.

Among the instructions given at the trial in the circuit court, were the two following : By request of plaintiffs the court, with others, gave the following:

(6) If the jury believe from the evidence that the defendant, in May, 1887, authorized the plaintiffs to sell or trade his town lots in Abilene, and agreed to allow plaintiffs five per cent. commission on all sales, the scale of prices to be one hundred and fifty dollars cash per lot, or three hundred dollars in trade for other property, real and personal, and in pursuance of such authority and agreement, the plaintiffs found a person, or persons, willing to trade land for some of said lots, and that by the exertions of plaintiffs a trade was effected between defendant's agents, Glover Brothers, and Jones F. Adams and H. T. Hudson, and that before it was finally consummated, said trade was called off or declared off by defendant's agents, Glover Brothers, without any fault of plaintiffs, and for the mere purpose of depriving plaintiffs of their commissions, then you will find your verdict for plaintiffs.

And at defendant's request, the court gave the following among other instructions :

(4) Although the jury may find from the evidence that the sale or exchange of the Abilene lots for Hardiman's Island was broken off because of a controversy between Glover Brothers of Kansas City and the plaintiffs on account of commissions, yet before the plaintiffs can recover against defendant in this case, plaintiffs must prove to the satisfaction of the jury that defendant authorized Glover Brothers to break off said sale or exchange of said property on said ground, otherwise the jury must find for defendant.

*E. R. Hayden, Bingham & Adams,* for appellant.

(1) Instruction numbered 6, given for plaintiffs, is misleading, because it assumes the power of defendant's agents, Glover Brothers, to revoke or rescind the trade with Adams & Hudson, while the evidence expressly negatives the existence of such power. *Thompson v. Botts,* 8 Mo. 710; *Choquette v. Barada,* 28 Mo. 491; *Merritt v. Given,* 34 Mo. 98; *Turner v. Laler,* 34 Mo. 491; *Railroad v. Waldos,* 70 Mo. 629; *Donnell v. Bank,* 80 Mo. 165; *Wilkerson v. Thompson,* 82 Mo. 317; *Comer v. Taylor,* 82 Mo. 341; *Maxwell v. Railroad,* 85 Mo. 96; *Dowling v. Allen,* 88 Mo. 293; *McGinnis v. Railroad,* 21 Mo. App. 399.  (2) The power to sell does not, by implication, include the power to revoke or rescind sales.  Bish. on Cont., sec. 1062; *Adrian v. Lane,* 13 S. C. 183.  (3) Instruction numbered 4 given for defendant, and instruction numbered 6 given for plaintiffs, are inconsistent and conflicting.  In the first the question of the authority of Glover Brothers "to revoke" or "call off" the trade with Adams & Hudson, was submitted to the jury—in the last, the existence of such authority was assumed.  Such inconsistency is in itself reversible error.  *Jones v. Talbott,* 4 Mo. 279; *Wood v. Steamboat,* 19 Mo. 529; *Buel v. Tr. Co.,* 45 Mo. 562; *Stevenson v. Hancock,* 72 Mo. 612; *Price v. Railroad,* 77 Mo. 508; *State v. Nauert,* 2 Mo. App. 295; *Toemderg v. Printing Co.,* 3 Mo. App. 142; *Welsh v. Railroad,* 20 Mo. App. 477.

*Cosgrove & Johnston,* for respondents.

(1) A broker who negotiates a sale of real estate is entitled to his commissions, though, owing to default of employer, the sale is never effected.  *Carpenter v. Rynders,* 52 Mo. 278.  (2) If plaintiffs brought about the trade, although it was concluded by the owner,

they were still entitled to their commissions. *Bell v. Kaiser*, 50 Mo. 150 ; *Bailey v. Chapman*, 41 Mo. 536. (3) Instruction numbered 6, given for plaintiffs, and complained of by appellant, only assumes that Glover Brothers were the agents of defendant in the control and management of his lots in Abilene, Kansas. And this fact is admitted by the defendant. Testimony of defendant on p. 7 of his abstract; *Fields v. Railroad*, 80 Mo. 203. (4) Plaintiff's instruction numbered 6, assumed a fact that was undisputed, that is, the agency of Glover Brothers. And defendant's instruction numbered 4 submitted to the jury the question as to what authority said agents had. There is no conflict or inconsistency between them. Taken together they fairly and properly presented to the jury the only issue raised in appellant's brief. And all the instructions should be taken together. *Karle v. Railroad*, 55 Mo. 476. (5) The authority of an agent who is authorized to sell land, or in whose hands it is placed for control and management, to revoke or "call off" a sale already made, or to refuse to consummate it may be inferred from the circumstances and course of dealing between him and his principal.

GILL, J.—Whether the trial court erred in giving the instructions, above quoted, is the matter for our determination. Defendant complains that plaintiffs' instruction number 6, above set out, is faulty, in that it *assumes* the power, or authority, of Glover Brothers, to revoke or rescind the trade with Adams & Hudson, while this was a *fact in issue* to be submitted to the decision of the jury. And in the second place defendant insists that plaintiffs' instruction number 6 and defendant's number 4, contained in the foregoing statement of the case, are inconsistent and conflicting, such as to confuse or mislead the jury.

If plaintiffs' number 6 is to be considered alone, without any reference to other parts of the court's charge

to the jury, it might be subject to the criticism urged by defendant, but taken along with defendant's instruction number 4, it is reasonably sure that the jury could not have been mislead.

The instructions given by the court are all to be taken together as comprising the law of the case, and, if considered together, they fairly present the issues to the jury, and in such way as to be understood by men of common understanding, it is all that is required. *Owens v. Railroad,* 95 Mo. 181 ; *Karle v. Railroad,* 55 Mo. 482.

There is no dispute as to the fact that Glover Brothers were the agents of the defendants, but the *extent* of their powers was the issue, and by the instructions given the jury were advised that unless such agents were authorized by defendant "to break off said sale or exchange" the finding should be for the defendant.

As to whether or not "declaring the trade off," or rescinding the same, was by sanction of the defendant, and by his authority, the jury found in the affirmative, and there is evidence sustaining such finding.

There is one patent circumstance, that, with other matters, no doubt impressed the jury with such conviction, and that was the fact that defendant promptly returned the deed to the Boonville property in pursuance of the arrangement made for rescission of the trade by his agents, Glover Brothers.

We see no error justifying a reversal and the judgment therefore of the circuit court is affirmed. The other judges concur.