EDMUND WHALEN, Respondent, *vs.* THE ST. LOUIS, KANSAS CITY AND NORTHERN RAILWAY, Appellant.

| 60 | 323 |
| 35a | 327 |
| 35a | 583 |
| 60 | 323 |
| 36a | 213 |
| 60 | 323 |
| 102 | 455 |
| 60 | 323 |
| 46a | 567 |
| 60 | 323 |
| 108 | 16 |
| 60 | 323 |
| 111 | 565 |
| 60 | 323 |
| 116 | 247 |
| 60 | 323 |
| 119 | 278 |
| 60 | 323 |
| 124 | 277 |
| 60 | 323 |
| 127 | 403 |
| 60 | 323 |
| 78a | 609 |
| 60 | 323 |
| 85a | 373 |
| 60 | 323 |
| e166 | 444 |

1. *Damages—Injuries by railroad train—Contributory-negligence—Causes, remote and immediate.*—Although one injured by a railroad train was guilty of some negligence which contributed to the injury, yet if those in charge of the train might have avoided the injury by the exercise of ordinary care and prudence, the company would be liable, provided that the negligence of the one injured was the remote or incidental, and that of the road the direct, cause of the accident.

2. *Instructions—Rejection of particular ones improper, when the aggregate states the law properly.*—If instructions taken as a whole declare the law properly, and are neither inconsistent nor misleading, the fact that any particular one is partial or defective, is no ground for its rejection.

3. *Damages by railroad to person—Loss of limb—Measure of damages, etc.*—In assessing damages for loss of limb caused by a railroad, the jury should consider the age, situation, bodily suffering and mental anguish of the person injured, and the loss sustained by him in-consequence, and the extent to which he was thereby disabled from self-support.

4. *Personal injuries by railroad—Negligence—Intoxication.*—One standing in a state of intoxication, on a railroad track at the usual time of running of the train, and in a position of exposure, is guilty of negligence.

5. *Railroads—Crossing used by passengers—Diligence of company and passengers—What necessary.*—Where a railroad track is crossed by a path commonly used by passengers, trains should use great diligence to guard against accident; and a like diligence and caution devolve upon passengers.

6. *Damages—Excessive—Interference by Supreme Court.*—The Supreme Court will not ordinarily interfere on the ground of excessive damages.

7. *Newly discovered evidence, merely cumulative, no ground for new trial.*—A motion for new trial should not be granted on the ground of newly discovered evidence which is merely cumulative.

## Appeal from Ray Common Pleas.

*C. T. Garner*, for Appellant.

I. The agents of defendant had no right to presume that there was any one upon the track, especially as it was the usual time for running the train, and at night (Penn. R R. Co. vs. Henderson, 33 Penn., 325; Ch. & R. I. R. R. Co. vs. Still, 19 Ill., 499; Burham vs. St. L. & I. M. R. R. Co., 56 Mo., 338; Robinson vs. Cue, 22 Vt., 213; Redf. Railw., § 193 and authorities cited; 44 Penn. St., 375; Finlayson, Adm'x, vs. The Ch., B. & Q. R. R., 1 Dill., 579); and would be held only if, after becoming aware of plaintiff's danger, they

failed to use ordinary care to avoid injuring him. (Ill. Cent. R. R. Co. vs. Godfrey, Am. Law. Reg., May 1875, p. 294.)

II. The plaintiff's fault contributed to and was the cause of the injury, and he had no right to recover. (Stuck vs. The Milw. & Miss. R. R. Co., 9 Wis., 202; Brown vs. Kendall, 6 Cush., 331; Schaabs vs. Woodburn Sarven Wheel Co., 56 Mo., 173.; Morrissey vs. Wiggins Ferry Co., 43 Mo., 383, and authorities there cited; Redf. Bail. & Car., § 360, p. 276; Whart. Neg., §§ 300, 341; 12 Metc., 415; 6 Hall, 592.)

III. Plaintiff had no right to walk along the track where there was no crossing or street; and if he was so walking there, he must abide the consequences of the risk and perils thus negligently and carelessly assumed. (Ill. Cent. R. R. Co. vs. Godfrey, Am. Law Reg., May 1875, p. 290; Aurora Rail Co. vs. Ginnis, 13 Ill., 585.)

IV. A passenger on board a railroad car, and a person on foot in the street, or on the track, do not sustain the same relation to the railroad company. (Brand vs. Railroad, 8 Barb., 368; Ang. & Ames Corp., § 388, p. 404, 8 ed.)

V. The court should reverse on the ground of excessive damages. (Sawyer vs. Hann. &. St. Jo. R. R. Co., 37 Mo., 240; Pratte vs. Blakely, 5 Mo., 205; Goetz v. Ambs, 22 Mo., 170; Collins vs. Alb. & Schenec. R. R. Co. 12 Barb., 492; Clapp vs. Huds. River R. R. Co., 19 Barb., 461; 21 Mo., 354.)

*Donaldson & Farris*, for Respondent, cited in argument, Brown v. Hann. & St. Jo. R. R. Co., 50 Mo., 461.

WAGNER, Judge, delivered the opinion of the court.

This was an action for damages inflicted by a train of cars on defendant's road, in crushing plaintiff's foot, whereby it became necessary to have one of his legs amputated.

The facts in the case are briefly these: The Richmond and Lexington junction, where the accident happened, is in a small town, and the depot is surrounded entirely by railroad tracks, so that in going to the depot it is necessary to cross a track, from whatever side it is approached. On the night

when the injury occurred, between eight and nine o'clock the plaintiff, as he alleges, started to go to the depot for the purpose of taking passage on the train, and walked down the track towards the depot. The testimony shows that there were three ways by which the depot was reached. One was by a traveled road, another by what seems to have been a path, and the other down the track. And all these ways were in common use.

The evidence strongly shows, that on the night in question the train that injured plaintiff was backed up, and had on it no head light, and did not ring the bell or sound the whistle to give any warning of its approach. There was evidence introduced to show that plaintiff was intoxicated, and evidence of a contrary character was also given.

The facts were exclusively for the determination of the jury; and, to see whether the court correctly instructed them on the law, it will be as well to insert the declarations.

The first two instructions given for the plaintiff are immaterial. The third was, "that if the jury believe from the evidence, that the defendant, through the negligence or carelessness of its agents, and without negligence on the part of the plaintiff, inflicted upon the plaintiff the injuries mentioned in the petition, they will find for the plaintiff, and assess his damages at such sum as they may think he is entitled to, not to exceed the amount of fifteen thousand dollars, the sum claimed in the petition."

The fourth instruction declared, that "even if the jury should believe from the evidence, that the plaintiff was guilty of negligence which contributed to the injury, yet if they should further believe that the agents or servants of the defendant, managing the locomotive or machinery with which the injury complained of was inflicted, might have avoided the injury by the use of ordinary care and caution, the jury will find for the plaintiff."

The fifth instruction told the jury that if they found for the plaintiff, they should, in estimating the amount of the damages, take into consideration the age and situation of the

plaintiff, his bodily suffering and mental anguish resulting from the injury received, and the loss sustained by the want of the limb injured, and the extent to which he was disabled from making a support for himself, by reason of the injury received.

For the defendant the court declared as follows:

1. "The defendant had the legal right to the use of its own track, and the right to run and operate its locomotive and train of cars thereon at any time, in conducting its ordinary business, either in the day or night, and either backwards or forwards. And if the jury believe from the evidence, that defendant, by its agents and employees, at the time mentioned in plaintiff's petition, used reasonable and ordinary care, skill, diligence and prudence in moving said train from the side track on to the main track, and that at the time of starting on said main track the whistle was sounded, and that said agents and employees used reasonable and ordinary care, skill and caution, in running said train on said track to the point where the injury complained of occurred, then the jury must find for the defendant. The reasonable and ordinary care, skill and prudence which the law requires, is such care, skill and prudence as might be expected from an ordinary careful, skillful and prudent man in like situation and circumstances."

3. "If the jury are satisfied from the evidence, that the plaintiff, by the exercise of ordinary care, diligence and prudence, might have avoided the injury complained of, the jury will find for the defendant. The ordinary care, diligence and prudence which the law required of the plaintiff is the exercise of such caution, prudence and diligence as was proportioned to the danger to be avoided, judged by the standard of ordinary prudence and diligence."

4. "If the jury believe from the evidence that the plaintiff, by his own carelessness and negligence, contributed to and was the proximate cause of the injury complained of, he is not entitled to recover in the cause, and the jury will find for the defendant."

5. "If the jury believe from the evidence that plaintiff, while intoxicated, and at the usual and ordinary time of defendant's running its train on said track, was on said track, or standing between the rail of the track and the platform of the freight depot, then the plaintiff was guilty of negligence."

8. "If the jury believe from the evidence that defendant, by its agents and employees, had used reasonable care, skill and prudence in running said train on said track, and that from the point where said plaintiff was on the track, there was a plain view of said train, and that plaintiff, by the exercise of ordinary care and prudence, could have seen or heard the train approaching, and could, by the exercise of ordinary care and prudence have avoided the train and injury complained of, then the jury will find for the defendant, if they further find that the train was being run at the time with reasonable care, skill and prudence, and at a slow rate of speed."

To the first instruction for the plaintiff above copied, being the third in the series, there can be no objection whatever. If the injury was inflicted through the negligence of defendant's employees, without negligence on the part of the plaintiff, there could be no question of the plaintiff's right to recover.

The fourth instruction, taken by itself, is somewhat imperfect. It asserts the proposition, that though it should be found that plaintiff was guilty of some negligence which contributed to the injury, yet if those managing the defendants' train might have avoided the injury by the exercise of ordinary care and prudence, the defendant would still be liable. This instruction leaves out of view, whether plaintiff's negligence, which was a contributory cause, was proximate and direct, or whether it was merely remote. If the plaintiff's negligence was simply incidental or remote, and defendant's want of prudence was the direct cause, then, under many decisions of this court, defendant's liability was undeniable. But the instructions of the court must all be taken together. They constitute the entire charge of the court, and if defects

or omissions in one instruction are supplied in another, and they are both consistent, and not misleading in their tendency, then the error in the first is remedied, and no complaint can be made.

The fourth instruction given at the instance of the defendant must be read in connection with the one just mentioned, and that told the jury that if the plaintiff, by his own carelessness and negligence, contributed to and was the proximate cause of the injury complained of, then he was not entitled to recover. This supplied the omission in the former instruction and precluded a recovery, if plaintiff's negligence directly or proximately contributed to the injury.

The fifth instruction informing the jury on what basis they should assess the damages, is not objectionable.

The first of defendant's instructions was certainly sufficiently favorable to it. It was declared by it that the defendant had the legal right to the use of its track, and if it was found that the employees, when they moved the train sounded the whistle and used reasonable and ordinary care and prudence, then the verdict should be for defendant. It was obviously, therefore, found that the whistle was not sounded, and that the requisite prudence was not exercised. This whole question was of course one for the jury; but it may be remarked that the evidence seems very clear, that on the night the accident happened the whistle was not sounded, the bell was not rung, and there was no light placed at the end of the train.

The third instruction directed a verdict for the defendant, if it was found that the plaintiff might have avoided the injury by using ordinary care and prudence; and this would seem to imply, as there was no qualification annexed to it, that defendant would have been exonerated, even if it had been remiss in its duty; which goes further than our previous adjudications warrant.

The question of plaintiff's intoxication was strongly put in the fifth request; and it was negatived by the finding.

The eighth instruction is an amplification of the third, and absolved the defendant from all responsibility, if the plaintiff was negligent or might have escaped the injury by ordinary prudence and care on his part.

The instructions are unobjectionable. Taken as a whole, they are favorable to the defendant.

The defendant, it is true, had the right to the use of its track, free from molestation or intrusion; but its depot was surrounded by railroad tracks, and it could only be reached by crossing the track. Persons in approaching it were accustomed to take the same course that the plaintiff did; and owing to the peculiar circumstances, great diligence should have been used to guard against accident.

As it was a dangerous place, equal diligence and prudence devolved on persons in plaintiff's situation. It was their duty to use their senses, and always be on the watch against approaching danger. But this view of the law was fairly submitted to the jury, and we must accept their verdict as final.

The plaintiff was awarded $8,000 as damages, and we would have been better satisfied, under all the circumstances, if the amount had been less; but still we do not think that we would be justified in interfering.

The defendant, among other reasons for a new trial, stated that it had discovered new evidence; but the affidavits disclose that the evidence was merely cumulative, and a new trial will never be granted for that.

I think the judgment should be affirmed; the other judges concur; Judge Hough in the result.